UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                           CRIMINAL ACTION

VERSUS                                                                              No. 11-70

EUGENE THOMPSON                                                         SECTION I

ORDER AND REASONS

Before the Court is Eugene Thompson's ("Thompson") motion[1] for leave to appeal in forma pauperis the Court's October 20, 2020 Order[2] denying his request to appoint counsel to represent him regarding his pending motion for compassionate release. Because Thompson's appeal is not taken in good faith, the motion is denied.

BACKGROUND

On May 10, 2012, the Court sentenced Thompson to a term of imprisonment of 300 months after he was found guilty of four counts relating to possession and distribution of cocaine base and firearm possession.[3] The instant motion relates to Thompson's pending motion for compassionate release, filed October 19, 2020.[4] The Court, mindful of its obligation to construe *pro se* filings liberally, interpreted the motion to include a request for appointment of counsel to pursue the compassionate release claim; it denied the request in an October 20, 2020 order.[5]

---

[1] R. Doc. No. 450.
[2] R. Doc. No. 442.
[3] R. Doc. No. 220.
[4] R. Doc. No. 440.
[5] R. Doc. No. 442.

On November 2, 2020, Thompson filed a Notice of Appeal as to the Court's order, which he claims "denied [his] compassionate release motion and a request for appointment of counsel."[6] Thompson offered no basis for his appeal of either decision.[7] On December 7, 2020, after correcting deficiencies in an earlier filing,[8] Thompson filed a motion to pursue the appeal in forma pauperis.[9]

## **LAW AND ANALYSIS**

A party may proceed with an appeal in forma pauperis when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "A district court has discretion in deciding whether to grant or deny a request to proceed in forma pauperis." *United States v. Nevers*, No. 16-088, 2020 WL 2513761, at *2 (E.D. La. May 15, 2020) (Morgan, J.) (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)).

A district court reviewing a motion to proceed in forma pauperis is primarily tasked with evaluating "whether the costs of appeal would cause an undue financial hardship." *Nevers*, 2020 WL 2513761, at *2 (citing *Prows*, 842 F.2d at 140). However, "[e]ven if the cost of appeal would cause an undue financial hardship, a district court may nevertheless deny the appeal if the court finds it is not taken in good faith." *Id.* (citing 28 U.S.C. § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).

---

[6] R. Doc. No. 444.
[7] *Id.*
[8] R. Doc. No. 448.
[9] R. Doc. No. 450.

"Objective '[g]ood faith is demonstrated when a party seeks appellate review of any issue not frivolous.'" *Id.* (quoting *Howard*, 707 F.2d at 220). While claims of "arguable merit" should be allowed to move forward in forma pauperis, "a complaint is frivolous if it lacks an arguable basis either in law or in fact." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988); *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003)).

Thompson does not explain the basis of his appeal. To the extent he intends to challenge the Court's dismissal of his motion for compassionate release, this appeal "lacks an arguable basis . . . in fact" because the Court has not dismissed the motion. *See Nevers*, 2020 WL 2513761, at *2.

To the extent Thompson seeks to challenge the Court's denial of his request for appointment of counsel, this appeal necessarily fails as a matter of law. As the Court explained in the October 20, 2020 Order, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to Thompson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995*); United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

It is true that "the Court may appoint counsel in the interest of justice[,]" *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see also* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). However, the interests of justice do not require that counsel be appointed where a "[defendant's] . . . motion d[oes] not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. *See Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(2) motion on appeal)) (internal citation and alterations omitted).

As the Court noted in its earlier order, the compassionate release motion at issue is not complex. Moreover, Thompson has filed numerous post-conviction motions and filed a substantive brief in support of his compassionate release motion—he has proven capable of representing himself. *See United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020) (Ashe, J.) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was no "indication" that the defendant, who had submitted a 22-page brief, was "incapable of adequately presenting his motion *pro se*").

4

Consequently, the Court concludes that the appeal is not taken in good faith, as it is frivolous.[10]

## CONCLUSION

Therefore,

**IT IS ORDERED** that Thompson's motion to proceed in forma pauperis on appeal is **DENIED**.

New Orleans, Louisiana, December 9, 2020.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10] Additionally, the Court notes that it is unclear whether Thompson in fact lacks sufficient funds to cover the appellate fee costs. While his petition indicates a current balance of $295.05, it also indicates average monthly deposits for the last six months of $1,433—well in excess of the filing fee associated with the appeal. *See* R. Doc. No. 450-1.