UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 11-70** |
| **EUGENE THOMPSON** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* defendant Eugene Thompson's ("Thompson") second motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion.[2] Also before the Court is Thompson's motion[3] to appoint counsel. For the reasons below, the Court denies both motions.

### I. FACTUAL BACKGROUND

In 2011, a jury convicted Thompson of four counts: (1) conspiracy to distribute and to possess with the intent to distribute 280 grams or more of cocaine base and a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846; (2) possession with the intent to distribute the same in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 18 U.S.C. § 2; (3) possession of a firearm in furtherance of the drug trafficking crime alleged in count 2, in violation of 18 § U.S.C. 924(c)(1)(A)(I) and 18 U.S.C. § 2; and (4) possession of a firearm in and

---

[1] R. Doc. No. 463.
[2] R. Doc. No. 466.
[3] R. Doc. No. 468. Thompson also filed a reply memorandum in support of his motion for compassionate release, which the Court has read and considered. R. Doc. No. 467.

1

affecting interstate commerce after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[4]

This Court sentenced Thompson to a term of imprisonment of 300 months, consisting of: (1) 240 months each for counts one and two, to be served concurrently; (2) 120 months as to count four, to be served concurrently with the term for counts 1 and 2; and (3) 60 months as to count three, to be served consecutively to the terms imposed for counts one, two, and four.[5] Thompson is currently incarcerated at Forrest City Medium FCI; his projected release date is November 10, 2033.[6]

As noted, this is Thompson's second motion for compassionate release. This Court denied the first motion, concluding that the sentencing factors set forth in 18 U.S.C. 3553(a) weighed against granting the requested relief.[7] In particular, the Court determined that the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), weighed against granting Thompson's motion.

In the present motion, Thompson argues that compassionate release is warranted because of his medical conditions and history, namely injuries and pain due to being shot twenty times, hypertension, obesity, and neuropathy[8]; and because,

---

[4] *See* R. Doc. No. 127 (Superseding Indictment); R. Doc. No. 203, at 8 ¶ 17 (presentence report).
[5] R. Doc. No. 220 (judgment).
[6] *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 11, 2023).
[7] R. Doc. No. 454.
[8] R. Doc. No. 463, at 6.

he argues, if he was sentenced today, his sentence would be lower due to "several landmark cases."[9]

## II. LAW & ANALYSIS

### a. Motion to Appoint Counsel

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A) like Thompson's, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quotation and citation omitted); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of

---

[9] *Id.* at 7.

3

representing himself *pro se*. *See Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852) (internal citation and alterations omitted).

The interests of justice do not require that the Court appoint counsel for Thompson. The motion at issue is not complex. *United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."). Thompson has previously proven himself fully capable of representing himself *pro se*, both with regard to the instant motion and his previous motion.[10] *See United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (Ashe, J.) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was no indication that the defendant, who had submitted a twenty-two page brief, was "incapable of adequately presenting his motion *pro se*"); *United States v. Hames*, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned, albeit ultimately unsuccessful brief, and provided no basis to suggest that appointment of counsel would help him obtain relief). Accordingly, Thompson's motion to appoint counsel will be denied.

---

[10] *See id.* (providing cogent, well-articulated reasons why defendant seeks a reduction of sentence).

### b. Motion for Compassionate Release

Before a federal court assesses the merits of a motion for compassionate release, a defendant must show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020). Failure to satisfy this prerequisite is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government. *Id.* at 468–69. The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (Feldman, J.); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.).

Once exhaustion has been demonstrated, the Court "may" grant a reduction in sentence if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

5

According to statute, before granting a motion for reduction in sentence, the Court must also conclude that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). However, the Fifth Circuit—along with the Second, Fourth, Sixth, Seventh, and Tenth Circuits[11]—has held that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Accordingly, this Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id*. Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [the court's] analysis." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted).

The government concedes that Thompson has exhausted his administrative remedies by submitting a request for reduction in sentence to the warden of his

---

[11] *United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

facility on September 21, 2022.[12] The Court therefore examines whether Thompson has set forth extraordinary and compelling reasons justifying release, and whether a reduction in sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

### i.  Health Conditions

The Court first addresses Thompson's argument that his health conditions constitute extraordinary and compelling reasons justifying release. The U.S. Sentencing Commission guidelines state that medical conditions are extraordinary and compelling if "[t]he defendant is suffering from a terminal illness," or "[t]he defendant is . . . suffering from a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process," and one or more of these conditions "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, Application Note 1(A); *accord United States v. Ciprano*, No. 92-350, 2022 WL 503742, at *3 (E.D. La. Feb. 18, 2022) (Fallon, J.) (recognizing that the policy statements are not binding, but discussing this commentary as a guideline for considering a compassionate release motion).

Thompson's medical conditions do not meet this demanding standard. Nothing in Thompson's motion indicates that his medical conditions "substantially diminish" his ability to provide self-care. *Ciprano*, 2022 WL 503742, at *3. The Court also has

---

[12] R. Doc. No. 466, at 3.

no reason to believe that the BOP cannot provide the care Thompson needs. Additionally, Thompson's stated concerns about the likelihood of his contracting COVID-19 while incarcerated do not constitute extraordinary and compelling reasons. *Id.* (noting that "a defendant's concerns about being susceptible to COVID-19 generally do not constitute extraordinary and compelling reasons for compassionate release," and collecting cases holding the same). This is especially true given the availability of vaccines, and Thompson states that he has been fully vaccinated against the disease.[13] *Id.* (citing *United States v. Reynard*, No. 10-329, 2021 WL 2662139, at *5 (E.D. La. June 29, 2021) (Africk, J.)). The Court therefore concludes that Thompson's medical conditions do not constitute extraordinary and compelling reasons justifying compassionate release.

## ii. *Non-retroactive Changes in Sentencing Law*

Thompson next argues that certain non-retroactive changes in sentencing law constitute extraordinary and compelling reasons justifying release. Specifically, Thompson argues that he "was never given a two-point sentence reduction under 18 U.S.C. § 3582(c)(2) amendment 782 to the Sentencing Guidelines" and "if sentenced today [he] would not have his sentenced enhanced with 18 U.S.C. § 851."[14]

Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

---

[13] R. Doc. No. 463, at 6.
[14] *Id.* at 8.

8

consistent with applicable policy statements issued by the Sentencing Commission.

In 2017, Thompson filed a motion pursuant to this subsection to reduce his sentence.[15] The Court denied that motion, finding that Thompson "is ineligible for a [§] 3582 sentence reduction as [he] is currently serving a mandatory minimum sentence as to counts 1 and 2."[16] Moreover, even if the Court were to today apply § 3582(c)(2) to Thompson's case, it would still need to apply the § 3553(a) factors, which, as discussed below, weigh against Thompson's motion.

As to Thompson's 18 U.S.C. § 851 argument, the Court understands Thompson to reference the fact that "[p]rior to the First Step Act, enhanced mandatory minimum sentences were triggered upon the showing of a prior conviction for a 'felony drug offense,' [whereas] [n]ow, the defendant's prior conviction must meet the new definition of 'serious drug felony' or 'serious violent felony.'" *United States v. Brown*, 14-28, 2022 WL 3268742, at *6 (E.D. Tex. Aug. 9, 2022). A "serious drug felony" is an offense under the Controlled Substances Act (21 U.S.C. 801 *et seq.*) "for which a maximum term of imprisonment of ten years or more is prescribed by law" and "for which the offender served a term of imprisonment of more than 12 months and [ ] the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 18 U.S.C. § 924(e)(2); 21 U.S.C. § 802(57).

The record indicates that Thompson's sentence was enhanced due to a prior conviction for using a telephone to facilitate a drug trafficking crime in violation of

---

[15] R. Doc. No. 406.
[16] R. Doc. No. 407.

9

21 U.S.C. § 843(b).[17] Because convictions under 21 U.S.C. § 843(b) carry maximum penalties of four years imprisonment, or eight years for offenders with certain prior drug-related convictions, 21 U.S.C. § 843(d)(1), Thompson's prior § 843(b) conviction would not, today, allow for an enhancement pursuant to 21 U.S.C. § 851. However, as Thompson concedes,[18] the First Step Act changes relevant here are not retroactive.[19]

Until recently, the Fifth Circuit had not decided whether non-retroactive changes to sentencing laws constitute extraordinary and compelling reasons justifying sentence reductions. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021) ("We leave for the district court to consider, in the first instance, whether the non[-]retroactive sentencing changes to his § 924(c) convictions . . . constitute extraordinary and compelling reasons for a reduction in sentence."). However, in *United States v. McMaryion*, the Fifth Circuit held that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." --- F.4th ---, 2023 WL 2658434, at *1 (5th Cir. Mar. 28, 2023). Accordingly, the Court finds that the

---

[17] R. Doc. No. 129 (Bill of Information to Establish Prior Conviction, referencing 21 U.S.C. § 843(b) offense); R. Doc. No. 203, ¶ 16 ("On December 8, 2011, the government filed an enhancement, under 21 U.S.C. § 851, alleging Eugene Thompson has at least one prior felony criminal conviction, [t]hereby increasing the penalties in the instant offense.").
[18] R. Doc. No. 463, at 9.
[19] The government states that, if sentenced today, Thompson would have an offense level of 32, resulting in an advisory guideline sentencing range of 151 to 188 months, and notes that "[h]e would still face a consecutive 60-month mandatory sentence for his gun charge." R. Doc. No. 466.

sentencing changes referenced by Thompson do not constitute extraordinary and compelling reasons justifying release.

### iii. § 3553(a) Factors

Even if Thompson had identified extraordinary and compelling reasons justifying compassionate release, the § 3553(a) factors weigh against Thompson's motion. As stated in the Court's order and reasons denying Thompson's previous motion for compassionate release, the most applicable factor is "[the need] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Thompson has not satisfied the Court that he is not a danger to the public. As the Court previously noted, Thompson was an enforcer in a drug trafficking scheme who regularly possessed illegal firearms.[20] At times during sales, he would "hold [a] firearm openly . . . in a show of force."[21] Thompson's assertion that he "is older and has basically aged out of crime" is not sufficient to assuage the Court's concerns regarding Thompson's previous conduct.[22] Additionally, Thompson notes that in 2018 he was sentenced to an additional 18 months incarceration for possession of contraband in prison.[23] And, prior to his conviction in the above-captioned matter, Thompson was convicted in state court of possession of a stolen auto[24] and battery.[25]

---

[20] R. Doc. No. 203 (presentence report), ¶ 51.
[21] *Id.* ¶ 44.
[22] R. Doc. No. 463, at 16.
[23] *Id.* at 2.
[24] R. Doc. No. 203, ¶ 73.
[25] *Id.* ¶ 74. In addition, as a juvenile, Thompson was adjudicated delinquent for the offense of "illegal carrying of a weapon." *Id.* ¶ 70. He was also sentenced as a juvenile to three years in prison for obstruction of justice after he threatened a murder victim's wife, reportedly telling her to "look out for you and your son and back off or we'll

11

Thompson also emphasizes his rehabilitation, stating that he "has brought about positive change not only to himself but to others" and "has completed hundreds of hours of programming during his incarceration."[26] Courts may consider evidence of post-sentencing rehabilitation when ruling on motions for sentence modification. *See Concepcion v. United States*, 142 S. Ct. 2389, 2400 (2022). However, the Court finds that Thompson's rehabilitation is not sufficient to overcome the seriousness of his conduct. *See United States v. Stevenson*, No. 03-309, 2022 WL 16758296, at *3 (E.D. La. Nov. 8, 2022) (Africk, J.) ("[R]ehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release under the First Step Act."); *United States v. Hughes*, No. 18-46, 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (collecting cases holding that post-sentencing rehabilitation, though commendable, does not necessarily justify compassionate release).

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Thompson's motion for reduction in sentence[27] and motion to appoint counsel[28] are **DENIED**.

---

waste you like we did your husband" before pointing his finger at her and saying "pow, pow, pow." *Id.* ¶ 72.
[26] R. Doc. No. 463, at 15.
[27] R. Doc. No. 463.
[28] R. Doc. No. 468.

New Orleans, Louisiana, April 12, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**