UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                                              **CRIMINAL ACTION**

**VERSUS**                                                                                         **No. 11-70**

**EUGENE THOMPSON**                                                                         **SECTION I**

### ORDER & REASONS

Before the Court is *pro se* defendant Eugene Thompson's ("Thompson") motion[1] to reduce his sentence pursuant to the First Step Act. The government opposes the motion.[2] For the reasons set forth below, the Court denies Thompson's motion.

### I. BACKGROUND

On December 8, 2011, Thompson was charged in a four-count superseding indictment.[3] Count one charged Thompson with conspiring to distribute and to possess with the intent to distribute Schedule II controlled substances in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.[4] Count two charged Thompson with knowingly and intentionally possessing Schedule II controlled substances in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A), 841(b(1)(C), and 18 U.S.C. § 2. Count three charged Thompson with knowingly possessing a firearm in furtherance of the drug trafficking crime alleged in count two in violation of 18 U.S.C. § 924(c)(1)(A)(I) and 18 U.S.C. § 2. Count four charged Thompson with knowingly

---

[1] R. Doc. No. 483.
[2] R. Doc. No. 485.
[3] R. Doc. No. 127.
[4] *Id.* at 1.

possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The charges in the indictment related to conduct occurring in February and March, 2011.[5]

On December 13, 2011, a jury found Thompson guilty on all four counts.[6] For counts one and three, the jury found Thompson responsible for 280 grams or more of cocaine base ("crack").[7] The Court sentenced Thompson to a term of 300 months of imprisonment and a term of ten years of supervised release.[8] The term of imprisonment was comprised of 240 months for the drug offenses,[9] concurrent with 120 months for the 18 U.S.C. § 922(g) offense, and consecutive to 60 months for the 18 U.S.C. § 924(c) offense.[10] The U.S. Fifth Circuit Court of Appeals affirmed.[11]

On January 10, 2019, Thompson filed a motion to appoint counsel to represent him in connection with his request for relief pursuant to the First Step Act.[12] The Eastern District of Louisiana's First Step Act Committee (the "Committee") screened Thompson's motion.[13] After receiving the Committee's recommendation and fully reviewing the record, the Court denied Thompson's motion explaining:

---

[5] *Id.*
[6] R. Doc. No. 138-2.
[7] *Id.*
[8] R. Doc. No. 220.
[9] Pursuant to 21 U.S.C. § 841(b)(1)(A), Thompson's drug convictions carried a statutory minimum of twenty years.
[10] *Id.*
[11] R. Doc. No. 309.
[12] R. Doc. No. 418.
[13] R. Doc. Nos. 419, 421.

> [Thompson's] crack-related offenses of conviction [ ] were committed after August 3, 2010, and therefore are not 'covered offenses' under Section 404(a) of the First Step Act. Moreover, the defendant's original sentence was imposed in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Accordingly, the defendant is ineligible for a sentence reduction under Section 404(b) of the First Step Act.[14]

On April 17, 2023, Thompson filed another motion to reduce his sentence pursuant to the First Step Act.[15] The motion was referred to the Committee for screening.[16] This Court subsequently reviewed and denied Thompson's motion for a sentence reduction, finding that Thompson "is ineligible for a sentence reduction pursuant to Section 404 of the First Step Act because he does not have a conviction for a 'covered offense.'"[17]

On December 11, 2023, Thompson filed the present motion to reduce his sentence pursuant to the First Step Act, arguing again that his conviction is a covered offense.[18] The government argues that Thompson's motion is barred and that, even if treated as a motion for reconsideration, Thompson's motion is without merit.[19]

## II. LAW AND ANALYSIS

In 2010, "Congress passed the Fair Sentencing Act of 2010 to correct the wide disparity between crack and powder cocaine sentencing." *Concepcion v. United States*,

---

[14] R. Doc. No. 420.
[15] R. Doc. No. 470.
[16] R. Doc. No. 476.
[17] R. Doc. No. 479.
[18] R. Doc. No. 483.
[19] R. Doc. No. 485.

597 U.S. 481, 481 (2022). In 2018, when Congress enacted the First Step Act, "it made the Fair Sentencing Act's modifications of the statutory penalties for crack-cocaine offenses apply retroactively." *United States v. Winters*, 986 F.3d 942, 945 (5th Cir. 2021). "A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a "covered offense"; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits." *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020). "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010," the date that the Fair Sentencing Act became effective. *Winters*, 986 F.3d at 946 (quoting § 404(a) of the First Step Act).

This Court previously explained that Thompson's convictions are not "covered offenses" pursuant to the First Step Act because "[h]e was charged pursuant to the revised version of the drug statutes."[20] As Thompson's sentence was imposed pursuant to the Fair Sentencing Act, he was not eligible for a sentence reduction pursuant to the First Step Act. *See Batiste*, 980 F.3d at 470. Additionally, Thompson had not committed a "covered offense" because the charged conduct occurred after August 3, 2010. *See Winters*, 986 F.3d at 946.

---

[20] R. Doc. No. 479.

4

The First Step Act prohibits "motion[s] made under this section to reduce a sentence if . . . a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). As mentioned previously, the Court has already reviewed and denied Thompson's requests for a sentence reduction on the merits. Therefore, Thompson is foreclosed from filing a successive motion for a reduction pursuant to the First Step Act.[21]

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Thompson's motion is **DENIED**.

New Orleans, Louisiana, January 3, 2024.

_____

---

[21] The government suggests that should the Court liberally construe Thompson's filing as a motion for reconsideration, the Court should still deny relief. Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Saunders*, No. CR 12-141, 2022 WL 742441, at *2 (E.D. La. Mar. 11, 2022) (Brown, J.) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party." *Id.* (quoting *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007)). The Court has already considered whether Thompson was convicted of a "covered offense" and construing this motion as one for reconsideration would not be appropriate.

5

                                        **LANCE M. AFRICK**
                                **UNITED STATES DISTRICT JUDGE**