## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                      No. 11-70

EUGENE THOMPSON                                    SECTION I

### ORDER & REASONS

Before the Court is *pro se* defendant Eugene Thompson's ("Thompson") motion[1] to alter this Court's judgment denying his motion to reduce his sentence pursuant to the First Step Act. For the reasons set forth below, the Court denies Thompson's motion.

### I. BACKGROUND

On December 8, 2011, Thompson was charged in a four-count superseding indictment.[2] Count one charged Thompson with conspiring to distribute and to possess with the intent to distribute Schedule II controlled substances in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.[3] Count two charged Thompson with knowingly and intentionally possessing Schedule II controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b(1)(C), and 18 U.S.C. § 2. Count three charged Thompson with knowingly possessing a firearm in furtherance of the drug trafficking crime alleged in count two in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2. Count four charged Thompson with knowingly

---

[1] R. Doc. No. 489.
[2] R. Doc. No. 127.
[3] *Id.* at 1.

possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The charges in the indictment related to conduct occurring in February and March, 2011.[4]

On December 13, 2011, a jury found Thompson guilty on all four counts.[5] As to counts one and three, the jury found Thompson responsible for 280 grams or more of cocaine base ("crack").[6] The Court sentenced Thompson to a term of 300 months of imprisonment and a term of ten years of supervised release.[7] The term of imprisonment was comprised of 240 months for the drug offenses,[8] concurrent with 120 months for the 18 U.S.C. § 922(g) offense, and consecutive to 60 months for the 18 U.S.C. § 924(c) offense.[9] The U.S. Fifth Circuit Court of Appeals affirmed his conviction.[10]

On January 10, 2019, Thompson filed a motion to appoint counsel to represent him in connection with his request for relief pursuant to the First Step Act.[11] The Eastern District of Louisiana's First Step Act Committee (the "Committee") screened

---

[4] *Id.*

[5] R. Doc. No. 138-2.

[6] *Id.*

[7] R. Doc. No. 220.

[8] Pursuant to 21 U.S.C. § 841(b)(1)(A), Thompson's drug convictions carried a statutory minimum of twenty years.

[9] R. Doc. No. 220.

[10] R. Doc. No. 309.

[11] R. Doc. No. 418.

Thompson's motion.[12] After receiving the Committee's recommendation and fully reviewing the record, the Court denied Thompson's motion, explaining:

> [Thompson's] crack-related offenses of conviction [ ] were committed after August 3, 2010, and therefore are not 'covered offenses' under Section 404(a) of the First  Step Act. Moreover, the defendant's original sentence was imposed in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Accordingly, the defendant is ineligible for a sentence reduction under Section 404(b) of the First Step Act.[13]

On April 17, 2023, Thompson filed another motion to reduce his sentence pursuant to the First Step Act.[14] The motion was again referred to the Committee for screening.[15] After again receiving the Committee's recommendation, this Court reviewed and denied Thompson's motion for a sentence reduction, finding that Thompson "is ineligible for a sentence reduction pursuant to Section 404 of the First Step Act because he does not have a conviction for a 'covered offense.'"[16]

On December 11, 2023, Thompson filed another motion to reduce his sentence pursuant to the First Step Act, arguing again that his conviction qualifies as a covered offense.[17] The government opposed the motion.[18] On January 3, 2024, the Court denied Thompson's motion, explaining that Thompson was ineligible for a sentence reduction and that Thompson's motion was an impermissible successive motion

---

[12] R. Doc. Nos. 419, 421.

[13] R. Doc. No. 420.

[14] R. Doc. No. 470.

[15] R. Doc. No. 476.

[16] *See generally* R. Doc. No. 479.

[17] R. Doc. No. 483.

[18] *See generally* R. Doc. No. 485.

because the Court had already considered his eligibility and denied his previous motions on the merits.[19]

On January 16, 2024, the Court received Thompson's reply to the government's response to his motion to reduce his sentence.[20] The Court took no action with respect to the reply. On February 22, 2024, the Court received a motion to reconsider this Court's order denying Thompson relief pursuant to the First Step Act because the Court issued a ruling before receiving his reply.

## II. LAW & ANALYSIS

Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir.1975). Absent specific guidance from the Federal Rules of Criminal Procedure, courts should apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (discussing *United States v. Healy*, 376 U.S. 75, 77–80, 84 (1964)) ("The [U.S. Supreme Court] Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.").

---

[19] R. Doc. No. 486.
[20] R. Doc. No. 488.

4

"A Rule 59(e) motion calls into question the correctness of a judgment."[21] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In light of this narrow purpose, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 294–95.

In his motion for reconsideration, Thompson argues that the Court abused its discretion by not considering his reply before issuing its ruling.[22] Thompson argues that he is entitled to file a reply based on Local Civil Rule 7.5, which provides that "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." This portion of the rule is not applicable to Thompson as he was not opposing a motion.

Local Rule 7.5 also provides that "[t]he party that filed the motion may file and serve a reply brief in support of the motion no later than 4:00 p.m., two working days before the noticed submission date." However, Thompson's motion was not set for

---

[21] Rule 59(e) is applicable to a motion to reconsider an order denying a sentence reduction when the motion to reconsider is filed within 28 days of the denial. *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021). This Court denied Thompson's motion to reduce his sentence on January 3, 2024. R. Doc. No. 486. Thompson's motion for reconsideration is dated January 11, 2024. R. Doc. No 489, at 3. Therefore, this motion is properly considered pursuant to Rule 59(e).

[22] R. Doc. No. 489, at 2.

submission, and the Court only set a response deadline. The rule does not indicate that a party has an absolute right to respond before the Court issues a ruling.

The Court previously explained that Thompson is ineligible for a sentence reduction pursuant to the First Step Act because he was charged pursuant to the Fair Sentencing Act and his conduct occurred after August 3, 2010.[23] Additionally, the First Step Act prohibits successive motions and Thompson had already moved to reduce his sentence pursuant to the First Step Act.[24] Thompson's motion does not demonstrate that this Court's order contained a manifest error or law or fact, nor did Thompson present newly discovered evidence. Accordingly, Thompson's motion for reconsideration must be denied.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Thompson's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, February 27, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. No. 486, at 4.
[24] *Id.* at 5.

6