UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     CRIMINAL ACTION

VERSUS     No. 11-70

EUGENE THOMPSON     SECTION I

## ORDER & REASONS

Before the Court is *pro se* defendant Eugene Thompson's ("Thompson") motion[1] to appeal in forma pauperis. For the reasons set forth below, the Court denies Thompson's motion.

## I. BACKGROUND

On December 8, 2011, Thompson was charged in a four-count superseding indictment.[2] Count one charged Thompson with conspiring to distribute and to possess with the intent to distribute Schedule II controlled substances in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.[3] Count two charged Thompson with knowingly and intentionally possessing Schedule II controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b(1)(C), and 18 U.S.C. § 2. Count three charged Thompson with knowingly possessing a firearm in furtherance of the drug trafficking crime alleged in count two in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2. Count four charged Thompson with knowingly possessing a firearm after having been convicted of a crime punishable by

---

[1] R. Doc. No. 498.
[2] R. Doc. No. 127.
[3] *Id.* at 1.

imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The charges in the indictment related to conduct occurring in February and March, 2011.[4]

On December 13, 2011, a jury found Thompson guilty on all four counts.[5] As to counts one and three, the jury found Thompson responsible for 280 grams or more of cocaine base ("crack").[6] The Court sentenced Thompson to a term of 300 months of imprisonment and a term of 10 years of supervised release.[7] The term of imprisonment was comprised of 240 months for the drug offenses,[8] concurrent with 120 months for the 18 U.S.C. § 922(g) offense, and consecutive to 60 months for the 18 U.S.C. § 924(c) offense.[9] The U.S. Fifth Circuit Court of Appeals affirmed his conviction.[10]

On January 10, 2019, Thompson filed a motion to appoint counsel to represent him in connection with his request for relief pursuant to the First Step Act.[11] The Eastern District of Louisiana's First Step Act Committee (the "Committee") screened Thompson's eligibility for a sentence reduction pursuant to the First Step Act.[12] After

---

[4] *Id.*
[5] R. Doc. No. 138-2.
[6] *Id.*
[7] R. Doc. No. 220.
[8] Pursuant to 21 U.S.C. § 841(b)(1)(A), Thompson's drug convictions carried a statutory minimum of twenty years.
[9] R. Doc. No. 220.
[10] R. Doc. No. 309.
[11] R. Doc. No. 418.
[12] R. Doc. Nos. 419, 421.

receiving the Committee's recommendation and fully reviewing the record, the Court denied Thompson's motion, explaining:

> [Thompson's] crack-related offenses of conviction [ ] were committed after August 3, 2010, and therefore are not 'covered offenses' under Section 404(a) of the First Step Act. Moreover, the defendant's original sentence was imposed in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Accordingly, the defendant is ineligible for a sentence reduction under Section 404(b) of the First Step Act.[13]

On April 17, 2023, Thompson filed another motion to reduce his sentence pursuant to the First Step Act.[14] The motion was again referred to the Committee for screening.[15] After again receiving the Committee's recommendation, this Court reviewed and denied Thompson's motion for a sentence reduction, finding that Thompson "is ineligible for a sentence reduction pursuant to Section 404 of the First Step Act because he does not have a conviction for a 'covered offense.'"[16]

On December 11, 2023, Thompson filed a third motion to reduce his sentence pursuant to the First Step Act, arguing again that his conviction qualified as a covered offense.[17] On January 3, 2024, the Court denied Thompson's motion, explaining that Thompson was ineligible for a sentence reduction and that Thompson's motion was an impermissible successive motion because the Court had already considered his eligibility and denied his previous motions on the merits.[18]

---

[13] R. Doc. No. 420.
[14] R. Doc. No. 470.
[15] R. Doc. No. 476.
[16] *See generally* R. Doc. No. 479.
[17] R. Doc. No. 483.
[18] R. Doc. No. 486.

3

On January 16, 2024, the Court received Thompson's reply to the government's response to his motion to reduce his sentence.[19] The Court took no action with respect to the reply. On February 22, 2024, the Court received a motion to reconsider this Court's order denying Thompson relief pursuant to the First Step Act because the Court issued a ruling before receiving his reply.[20] This Court denied Thompson's motion for reconsideration.[21] Thompson now seeks to appeal this Court's denial of his motion for reconsideration in forma pauperis.[22]

## II. LAW & ANALYSIS

A party may proceed with an appeal in forma pauperis when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "A district court has discretion in deciding whether to grant or deny a request to proceed in forma pauperis." *United States v. Nevers*, No. 16-088, 2020 WL 2513761, at *2 (E.D. La. May 15, 2020) (Morgan, J.) (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) and *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)).

A district court reviewing a motion to proceed in forma pauperis is primarily tasked with evaluating "whether the costs of appeal would cause an undue financial hardship." *Nevers*, 2020 WL 2513761, at *2 (citing *Prows*, 842 F.2d at 140). However, "[e]ven if the cost of appeal would cause an undue financial hardship, a district court

---

[19] R. Doc. No. 488.
[20] R. Doc. No. 489.
[21] R. Doc. No. 490.
[22] R. Doc. No. 498.

may nevertheless deny the appeal if the court finds it is not taken in good faith." *Id.* (citing 28 U.S.C. § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)). "Objective '[g]ood faith is demonstrated when a party seeks appellate review of any issue not frivolous.'" *Id.* (quoting *Howard*, 707 F.2d at 220). While claims of "arguable merit" should be allowed to move forward in forma pauperis, "a complaint is frivolous if it lacks an arguable basis either in law or in fact." *Id.* (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988) and *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003)).

As discussed, Thompson has filed three motions for relief pursuant to the First Step Act and a motion for reconsideration. All four motions have been denied. In each denial, this Court addressed the merits of Thompson's eligibility for a sentence reduction pursuant to the First Step Act. Thompson's notice of appeal states only that this Court's denial of his motion was "in conflict with the First Step Act of 2018 [ ], the Fair Sentencing Act of 2010, and the Supreme Court."[23] However, Thompson has not explained how this Court's previous decisions are in conflict with law. Accordingly, the Court is not persuaded that Thompson's appeal is not frivolous and is taken in good faith. Therefore, the Court, in its discretion, will deny Thompson's application to proceed in forma pauperis.

---

[23] R. Doc. No. 491, at 1.

5

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Thompson's application to proceed in forma pauperis is **DENIED**.

New Orleans, Louisiana, June 24, 2024.

                                        **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**